UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornell W. Adley, # 70110-004, | ) C/A No. 8:10-2391-JMC-BHH |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| John R. Owen, Warden, | ) |
| Respondent. | ) |

The petitioner, an inmate at FCI-Williamsburg, brought this action pursuant to 28 U.S.C. § 2241, to challenge a sentence enhancement as a career offender. The petitioner is serving a sentence of 387 months for convictions relating to conspiracy to possess with intent to distribute cocaine, attempted Hobbes Act robbery, and use of a firearm. He was sentenced on March 28, 2005, by the United States District Court for the Southern District of Florida in Cr. No. 03-20678 after he was convicted pursuant to a jury's verdicts. The United States Court of Appeals for the Eleventh Circuit affirmed the petitioner's convictions and those of his co-defendants in *United States v. Brown*, 227 Fed.Appx. 795 (11th Cir. 2007).

The petitioner subsequently filed a § 2255 petition in the United States District Court for the Southern District of Florida. The United States District Court for the Southern District of Florida denied relief on April 1, 2009. On appeal, the United States Court of Appeals for the Eleventh Circuit granted a certificate of appealability but affirmed the

1

judgment of the district court. *Adley v. United States*, 2010 WL 1141059 (11th Cir. March 26, 2010), *cert. denied*, 177 L.Ed.2d 348, 130 S.Ct. 3443 (2010).

The petitioner, in his memorandum, states that on July 5, 2010, he sought leave from the United States Court of Appeals for the Eleventh Circuit to file a successive petition. (Pet. Mem. at 2.) The United States Court of Appeals for the Eleventh Circuit denied that motion on July 23, 2010. The petitioner has attached a copy of the Order of the United States Court of Appeals for the Eleventh Circuit. (Dkt. #1 Attach. # 4.) The United States Court of Appeals for the Eleventh Circuit concluded that the decision of the Supreme Court of the United States in *Johnson v. United States*, 176 L.Ed.2d 1, 130 S.Ct. 1265 (2010), is *not* applicable to cases on collateral review.[1] As a result, the Court ruled that the petitioner was not entitled to leave to file a successive petition.

The petitioner raises one ground in this § 2241 petition: "Petitioner is Actually Innocent of being a career offender under 4B1.1 given that the Prior Conviction used to enhanced [*sic*] his sentence is no longer a valid 'predicate offense[;]' [t]hus making the Sentence petitioner received for a nonexistent offense un-constitutional." (Pet. at 6.) In addition to *Johnson v. United States*, the petitioner relies on *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010). In *Williams*, which was on remand from the Supreme Court, the Court vacated the sentence enhancement based on the Florida felony offense because, under the Supreme Court's holding in *Johnson*, the offense was non-violent: "To

---

[1] A "collateral attack" upon a federal conviction usually refers to a § 2255 motion or a petition for a writ of habeas corpus § 2241. The Supreme Court of the United States has pointed out that a prisoner who collaterally attacks his or her conviction has a higher hurdle to overcome in alleging errors during his or her trial than he or she confronts in a direct appeal. *See Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

2

the extent that the district court believed that Williams's conviction for battery on a law enforcement officer was a 'crime of violence' because it involved 'the use, attempted use, or threatened use of physical force' and thus qualified for enhancement, the sentence must be set aside." *United States v. Williams*, 609 F.3d at 1169.

**Discussion**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S.

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in this action, however, are not proper grounds for a habeas petition filed pursuant to § 2241. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under § 2255. *See United States v. Morehead*, 2000 WL 1788398 (N.D. Ill. Dec. 4, 2000)(holding court must construe motion as attacking

his sentence under § 2255 regardless of the petitioner's captioning). *See also United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003). Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions by filing a § 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico).

The fact that a § 2255 action may be untimely or successive does not render a § 2255 remedy inadequate or ineffective. *Phillips v. Jeter*, 2005 WL 465160, *1-*2 (N.D. Tex. Feb. 25, 2005). Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under § 2255, the petitioner's available judicial remedy was to seek leave from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion to vacate. The petitioner pursued this remedy, albeit not successfully.

Moreover, the petitioner is actually complaining about a sentence enhancement, not his federal convictions. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Doe v. Menefee*, 391 F.3d 147 (2nd Cir. 2004). Prisoners, such as the petitioner, often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.,* where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motions they did file.

The petitioner's actual innocence claim is facially inadequate to require consideration by this district court because the petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence *of the criminal charges* for which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim). Rather, the petitioner's actual innocence claim is based on his assertion that the sentencing court improperly gave him an enhanced sentence by reliance on an offense considered to be violent in 2005 when he was sentenced but held by the Supreme Court of the United States to be non-violent in 2010. *See, e.g.*, *Brown v. Rivera*, 2009 WL 960212 (D.S.C. April 7, 2009); and *Chisholm v. Pettiford*, 2006 WL 2707320 (D.S.C. Sept. 18, 2006). This court in *Brown* and *Chisholm* rejected the actual innocence claims of federal prisoners made in petitions filed pursuant to § 2241, and relied, in part, on a prior case from this court, *Wyatt Davis v. United States*, 2006 WL 89505, *6 (D.S.C. Jan. 12, 2006).

Nothing in this case presents more than an allegation of actual innocence of an enhanced sentence — *not the actual innocence of the underlying criminal convictions*. Despite the petitioner's claims that he is actually innocent of the enhanced sentence, there is no allegation of new evidence, unavailable at the time of conviction, which undermines

6

the validity of the petitioner's criminal convictions for Hobbs Act robbery, use of a firearm, and conspiracy to possess with intent to distribute cocaine. *United States v. Poole*, 531 F.3d 263, 267 & n. 7 (4th Cir. 2008).

### Recommendation

Accordingly, it is recommended that this § 2241 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 16, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).